# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TERRA RUNYON**, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**TWO MEN & A VACUUM, LLC**,<br><br>and<br><br>**CODY WARREN**,<br><br>Defendants. | Case No. 2:17-cv-10<br><br>Judge:<br><br>Magistrate Judge: |

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND INDIVIDUAL COMPLAINT FOR VIOLATIONS OF THE OHIO MINIMUM FAIR WAGE ACT**

**DEMAND FOR JURY TRIAL**

Now comes Plaintiff TERRA RUNYON ("Plaintiff Runyon" or "Plaintiff"), by and through counsel, on behalf of herself and all similarly-situated individuals, including those individuals who have, and will join this case as Party Plaintiffs, for her Complaint against TWO MEN & A VACUUM, LLC ("Defendant TMV") and CODY WARREN ("Defendant WARREN") (collectively "Defendants") and state as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action on behalf of herself and all similarly situated individuals against Defendants for statutory and common law violations that stem from Defendants' misclassification of Plaintiff and those similarly situated as independent contractors and the failure to pay all overtime compensation. Plaintiff seekd all available relief under the Fair Labor

1

Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111 *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Law and the OPPA will be referred to collectively as the "Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted individually. Plaintiff's allegations as to her own acts are based on personal knowledge and other allegations are made on information and belief.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 as to claims under the Ohio Wage Acts and the Ohio Constitution.

2. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in this District and have sufficient minimum contacts within this District

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because at all times relevant hereto, Defendants employed Plaintiff and those similarly situated in this District, a substantial portion of the practices complained of herein occurred in this District, Defendants have conducted substantial business in this District, and Defendants have received substantial revenue as a result of doing business in this District.

## PARTIES

**Plaintiff**

4. Plaintiff TERRA RUNYON is an adult individual residing in Columbus, OH (Franklin County). Plaintiff RUNYON worked as a "Dirt Specialist" for Defendants from

approximately July 2016 to approximately September 8, 2016.

5. Plaintiff RUNYON has given her written consent to bring this action to collect unpaid overtime wages under the FLSA. *See attached* **Exhibit A**.

6. Plaintiff brings the collective action outlined herein on her own behalf and on behalf of those similarly situated who were employed by Defendants and with similar duties as Plaintiff, notwithstanding possible variations of job title.

**Defendants**

7. Defendant TMV is a domestic limited liability company organized and existing in the State of Ohio, and can be served through its statutory agent, Cody Warren, 486 Siebert St., Columbus Ohio 43206.

8. Defendant WARREN is founder, Chief Executive Officer ("CEO") and Statutory Agent of Defendant TMV.

9. Defendant TMV is listed with the Ohio Secretary of State as having its Principal Place of Business at 486 Siebert St., Columbus, OH 43026 which is also listed as the address of Defendant WARREN.

**FACTS**

10. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

11. During all times material to this Complaint, Defendants is and has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

12. During all times material to this Complaint, Defendants employed at least two individuals, including Plaintiff and those similarly situated. Specifically, according to Defendants' website, Defendants employed approximately eighty (80) employees. *See*

http://twomenandavacuum.com/.

13. During all times material to this Complaint, Defendants, jointly and individually, operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. According to Defendants' website, Defendants holds Defendant TMV out as a "personalized cleaning service built around great customer care and high quality green cleaning." http://twomenandavacuum.com/about/.

15. During all times material to this Complaint, Defendant WARREN has had operational control over significant aspects of the Defendant TMV's day-to-day functions.

16. During all times material to this Complaint, Defendant WARREN has had the authority to hire, fire and discipline employees, including Plaintiff and those similarly situated.

17. During all times material to this Complaint, Defendant WARREN has had the authority to set rates and methods of compensation.

18. During all times material to this Complaint, Defendant WARREN has had the authority to control the work schedules and employment conditions of Plaintiff and those similarly situated.

19. During all times material to this Complaint, Defendant WARREN worked out of the same principal place of business as Plaintiff and those similarly situated.

20. During all times material to this Complaint, Defendant WARREN has had ultimate authority and responsibility to direct the activities of Defendant TMV and of Plaintiff and those similarly situated.

21. During all times material to this Complaint, Defendant WARREN and Defendant TMV have jointly employed Plaintiff and those similarly situated.

22. During all times material to this Complaint, Defendant WARREN and Defendant TMV have mutually benefitted from the work performed by Plaintiff and those similarly situated.

23. During all times material to this Complaint, Defendant WARREN and Defendant TMV have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and those similarly situated.

24. During all times material to this Complaint, Defendant WARREN and Defendant TMV shared the services of Plaintiff and those similarly situated.

25. During all times material to this Complaint, Defendant WARREN and Defendant TMV acted directly or indirectly in the interest of each other in relation to Plaintiff and those similarly situated.

26. During all times material to this Complaint, Defendants had a common company-wide policy of classifying Plaintiff and those similarly situated as "independent contractors," rather than "employees," throughout the duration of their engagement with Defendants.

27. Defendants hired Plaintiff and those similarly situated to provide residential and commercial cleaning services to homes and offices located in Ohio.

28. Defendants hired Plaintiff and those similarly situated to perform residential and commercial cleaning services for Defendants out of its Columbus location, 81 S. 4th St, Columbus, OH 43215.

29. Plaintiff RUNYON worked as a "Dirt Specialist" for Defendants from approximately July 2016 to approximately September 8, 2016.

30. Based on the economic realities of the relationship between Defendants and Plaintiff and between Defendants and those similarly situated to Plaintiff, it is clear that Plaintiff and ad those similarly situated were are "employees" for purposes of FLSA coverage because: (a) Defendants micromanaged the manner in which Plaintiff performed their work, leaving Plaintiff and those similarly situated with little independent discretion or control over their job; (b) Plaintiff and those similarly situated had virtually no opportunity for profit or loss depending upon their managerial skills or other independent judgment and discretion; (c) the services rendered by Plaintiff and those similarly situated did not require any special skills beyond those easily obtained through routine on-the-job training; (d) Plaintiff and those similarly situated held a permanent position and could not realistically pursue other business opportunities; and (e) the services rendered by Plaintiff and those similarly situated are an integral part of Defendants' business (i.e. cleaning services).

31. During all times material to this Complaint, Defendants exercised a high degree of control over the job duties of Plaintiff and those similarly situated. Such control includes, but is not limited to, the following actions:

   a. Plaintiff and those similarly situated were supervised and managed by Defendant WARREN, Mike Stevens and Madry Ellis.

   b. Plaintiff and those similarly situated were required to comply with detailed instructions regarding both written and unwritten policies, procedures, and directives promulgated by Defendants.

   c. Defendants maintained a "point system" whereby Plaintiff and those similarly situated were evaluated on certain criteria, which included attendance, appearance, and quality of work.

d. Defendants' point system affects the hourly rate of Plaintiff and those similarly situated.

e. Defendants determined the number of cleaning jobs that Plaintiff would have to complete on behalf of Defendants, and retained the exclusive right to set the pricing. Plaintiff and those similarly situated had no control over the amount Defendants' clients paid for such services.

f. While providing cleaning services for Defendants, Plaintiff and those similarly situated were required to wear shirts provided by Defendants that displayed Defendants' logo.

g. Defendants kept track of certain hours Plaintiff and those similarly situated worked throughout the day through a Smartphone app called "Jobber." Through the app, Plaintiff and those similarly situated use the app to record their start and stop times for each job site ("Jobber Time").

32. During all times material to this Complaint, Plaintiff and those similarly situated worked similarly structured schedules, and typically traveled to and worked at the same locations.

33. As Dirt Specialists, the job duties of Plaintiff and those similarly situated included performing residential and commercial cleaning for Defendants at assigned locations, which regularly required Plaintiff and those similarly situated to travel between Defendants' central location, 81 S. 4th St., Columbus, OH 43215 (the "Office") to pick up supplies at the beginning or during the work day, travel to assigned job sites, and/or to travel between job sites ("Travel Time").

34. Plaintiff estimates approximately twenty (20) minutes travel time between jobs,

and sometimes more.

35. Plaintiff and those similarly situated were trained by Defendants to, and so did, start their Jobber Time once they parked and stopped their Jobber Time before leaving by car. Therefore, for commercial sites, Jobber Time included unloading the car, walking to and into the job site, communicating with clients if necessary, walking out of and back to their car, and then loading their car.

36. However, for residential sites, Plaintiff and those similarly situated were trained by Defendants to, and so did, start their Jobber Time only upon the start of actual cleaning. Therefore, for residential sites, Jobber Time did not include unloading the car, walking to and into the job site, communicating with clients if necessary, walking back to their car and then loading their car ("Additional Residential Time").

37. Defendants required Plaintiff and those similarly situated to communicate with the clients, whether residential or commercial.

38. Defendants typically required Plaintiff and those similarly situated to arrive at the job site 10 to 15 minutes early.

39. Jobber Time did not include travel time from a job site to the Office, from the Office to a job site or from job site to job site.

40. Defendants did not keep records of all travel time, of all time communicating with residential clients, of all time loading and unloading cars for residential clients, or of all time walking to or from or into or out of a residential job site.

41. Defendants did not compensate Plaintiff and those similarly situated for all time communicating with residential clients, for all time loading and unloading cars for residential clients, or for all time walking to or from or into or out of a residential job site.

42. Defendants did not pay Plaintiff and those similarly situated for time spent traveling from a job site to the Office, from the Office to a job site or from job site to job site.

43. Although Defendants kept track of some hours through the Jobber app, this did not accurately reflect all hours worked by Plaintiff and those similarly situated. For example, additional work performed for jobs assigned to Plaintiff that were not previously scheduled or not in the Jobber app was recorded by Defendants as "General," or time was added at the beginning or end of a commercial Jobber Time by Defendants.

44. During all times material to this Complaint, Plaintiff typically worked approximately seven (7) days per week.

45. Plaintiff regularly worked more than 40 hours per week, when either calculating from Jobber Time directly or when calculating time using the first principal activity to the last principal activity of the continuous workday. *See attached* **Exhibit B**.

46. Plaintiff was paid an hourly rate of approximately $11.00 to $13.00 per hour, depending on the point system. Similarly situated employees were paid similarly.

47. The primary duties of Plaintiff and those similarly situated did not include exempt work. For example, the primary duties of Plaintiff did not require the performance of work directly related to the management or general business operations of the Defendants or Defendants' customers, nor did the primary duties of Plaintiff and those similarly situated include the consistent exercise of discretion and independent judgment with respect to matters of significance.

48. During all times material to this Complaint, Defendants suffered and permitted Plaintiff and similarly situated individuals to work more than 40 hours per workweek, while not compensating them for those hours worked over 40 at a rate of at least one and one half times

their regular rates.

49. During relevant times, Defendants had knowledge of and acted willfully in regards to their conduct described herein.

50. Plaintiff estimates there are at least approximately 10 to 15 similarly situated individuals, and upon information and belief, the facts described herein pertain to those similarly situated.

51. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

53. Plaintiff seeks to represent a collective of all current and former similarly situated individuals during the preceding three (3) year period through the final disposition of this action.

54. Plaintiff brings her FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of the following opt-in collective:

> **All current and former similarly situated individuals that performed work for Defendants, from three (3) years preceding the filing date of this action through the date of final disposition, who were not compensated for all hours worked in excess of 40 in any workweek at a rate of at least one and one-half their regular rates**. (hereinafter, the "FLSA Collective" or "FLSA Collective Members").

55. During all times material to this Complaint, Plaintiff has been similarly situated to all former and current FLSA Collective Members described above and will prosecute this action vigorously on their behalf.

56. Collective treatment of Plaintiff's FLSA claims is appropriate because Plaintiff and the FLSA Collective have been subjected to the common business practices referenced in the

above Paragraphs and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' companywide practices fail to properly compensate the FLSA Collective Members for hours worked in excess of forty (40) in any one workweek.

## CLAIMS FOR RELIEF

### COUNT I
**Violation of the Fair Labor Standards Act ("FLSA")**
**(Collective)**

57. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

58. The FLSA requires that employees receive overtime pay of "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) in a workweek, *see* 29 U.S.C. § 207(a)(1).

59. During all times material to this Complaint, Plaintiff and the FLSA Collective Members were "employees" within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

60. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

61. During all times material to this Complaint, Defendants have suffered or permitted Plaintiff and FLSA Collective Members to work for Defendants as Dirt Specialists. Furthermore, applying the economic realities test, Defendants misclassified Plaintiff and the FLSA Collective Members as independent contractors.

62. During all times material to this Complaint, Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "computer," "administrative," or "professional" employees, as those terms are

defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

63. During all times material to this Complaint, Plaintiff and the FLSA Collective Members were not exempt under any other exemption.

64. Plaintiff and the FLSA Collective Members routinely worked in excess of forty (40) hours in workweek.

65. Defendants violated the FLSA with respect to Plaintiff and the FLSA Collective Members by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for any hours worked over forty (40) hours in a workweek.

66. During all times material to this Complaint, Defendants knew that Plaintiff and the FLSA Collective Members are and were not exempt from the overtime obligations imposed by the FLSA. Defendants have also known that they were required to pay Plaintiff and the FLSA Collective Members overtime compensation at a rate of one and one-half times their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff and the FLSA Collective Members are entitled.

67. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

68. Defendants willfully and recklessly violated the FLSA with respect to Plaintiff and FLSA Collective Members by failing to pay them the required overtime premium.

69. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

70. Plaintiff and those similarly situated have suffered damages and continues to suffer damages as a result of Defendants' acts or omissions as described herein

71. As a result of the unlawful acts of Defendants, Plaintiff and FLSA Collective Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to the FLSA.

### COUNT II
### Overtime Violations of the Ohio Wage Act
### (Individual Action)

72. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

73. During relevant times, Plaintiff has been employed by Defendants as Dirt Specialists.

74. Defendants are employers covered by the overtime requirements set forth in the Ohio Wage Act.

75. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

76. During all times material to this Complaint, Plaintiff has been a covered employee entitled to the Ohio Wage Act's protection.

77. As an employee of Defendants, Plaintiff worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but was not paid overtime wages for this time spent working.

78. Defendants failed to pay Plaintiff overtime compensation at time and a half (1.5) of her regular rate of pay for hours in a work week in excess of forty (40).

79. During all times material to this Complaint, Plaintiff has not been exempt from receiving overtime benefits under the Ohio Wage Act because, *inter alia*, she was not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq*.

80. During all times material to this Complaint, Plaintiff has not been exempt under any other exemption.

81. The exact total amount of compensation, including overtime compensation that Defendants has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

82. The Ohio Revised Code requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review the relevant records of hours worked to determine the exact amount of overtime wages owed by Defendants. Absent Defendants keeping these records as required by law, Plaintiff is entitled to submit her information about the number of hours worked.

83. Defendants willfully and recklessly violated the Ohio Wage Act with respect to Plaintiff by failing to pay her the required overtime premium.

84. Plaintiff and those similarly situated have suffered damages and continues to suffer damages as a result of Defendants' acts or omissions as described herein

85. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to the Ohio Wage Act.

## COUNT III
### Violation of the OPPA
### (Individual Action)

86. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

87. Plaintiff has been employed by Defendants as a Dirt Specialist.

88. During all times material to this Complaint, Defendants were covered by the OPPA and Plaintiff has been employed by Defendants within the meaning of the OPPA.

89. The OPPA requires that the Defendants pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

90. During all times material to this Complaint, Plaintiff was not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

91. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

15

92. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

**PRAYER FOR RELIEF**

A. A declaratory judgment that Defendants' wage and hour policy and practice alleged herein, jointly and severally, violate the FLSA and the Ohio Wage Acts;

B. Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all current and former similarly situated individuals that performed work for Defendants, from three (3) years preceding the filing date of this action through the date of final disposition, who were not compensated for all hours worked in excess of 40 in any workweek at a rate of at least one and one-half their regular rates;

C. Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Members apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

D. Directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff and the FLSA Collective Members per week;

E. Judgment against Defendants, jointly and severally, and awarding to the Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by FLSA;

F. Judgment against Defendants, jointly and severally, and awarding of Plaintiff compensation for their damages and any other recovery whatsoever available pursuant to the Ohio Wage Act and the OPPA;

G. Awarding Plaintiff and the FLSA Collective Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Plaintiff and the FLSA Collective Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from violating the FLSA, the Ohio Wage Act and the OPPA, and requiring Defendants to comply with such law going forward; and

J. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

K. Rendering a judgment against Defendants, jointly and severally, for all damage, relief, or any other recovery whatsoever.

Date: January 6, 2017

Respectfully submitted,

*/s/ Robi J. Baishnab*
Robi J. Baishnab (OH Bar No. 0086195)
Robert E. DeRose (OH Bar No. 0055214)
Molly K. Tefend (OH Bar No. 0093574)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: rbaishnab@barkanmeizlish.com
bderose@barkanmeizlish.com
mtefend@barkanmeizlish.com

*Counsel for Plaintiff*

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Robi J. Baishnab*
Robi J. Baishnab